```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

KENDRICK DULDULAO,

       Plaintiff,

v.                                  Case No.: 8:12-cv-1238-T-33AEP

TARGET CORPORATION d/b/a
TARGET (TAMPA CENTRAL WALTER'S
CROSSING) d/b/a TARGET STORE
T 2040,

       Defendant.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant Target Corporation's Oral Motion for the Cause of Action to be Limited to That Which Was Stated in the Complaint as Initially Indicated by the Expert Report, and Not to be Expanded Upon By a Subsequent Expert Report, made at the status conference conducted on July 26, 2012. (Doc. # 31). Plaintiff Kendrick Duldulao filed a response in opposition to the motion on August 6, 2012, (Doc. # 38), to which Target filed a reply, with leave of the Court, on August 9, 2012, (Doc. # 40). For the reasons that follow, the Court grants the motion.

**I.   Background**

Plaintiff Kendrick Duldulao initiated this action on October 27, 2011, seeking declaratory and injunctive relief against Defendant Target Corporation pursuant to Title III of

the Americans With Disabilities Act, 42 U.S.C. § 12181, <u>et seq.</u> (Doc. # 1 at ¶ 1). In his Amended Complaint filed on December 21, 2011, Duldulao alleges that upon visiting the subject Target store, he was "den[ied] full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations" at the store, in violation of the ADA. (Doc. # 10 at ¶ 12).[1] Duldulao alleges the following specific violations:

> (i) Failure to provide adequate directional and accurate informational signage at customer service as required by 28 C.F.R. Part 36;
>
> (ii) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4; [and]
>
> (iii) Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible" as required by 28 C.F.R. Part 36, Section 4.6.4 and Section 4.1.2(5)(b).

(<u>Id.</u> at ¶ 15).

Duldulao additionally alleges that "[u]pon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done

---

[1] The Amended Complaint differs from the Complaint only by the addition of a second defendant, Inland Western Tampa Walters, LLC, who has since been dismissed from the case. (Doc. # 8; Doc. # 27).

can all said violations be identified." (Id. at ¶ 16).

The Court entered its ADA Scheduling Order on December 7, 2011, which, among other things, directed Duldulao to provide answers to the Court's Interrogatories and to provide Target with a copy of any expert report upon which Duldulao intends to rely in this case. (Doc. # 7 at ¶¶ 1-2). The Scheduling Order provided Target thirty days in which to serve a written response to Duldulao's expert report, including serving any expert report upon which it intends to rely. (Id. at ¶ 3). The Scheduling Order stayed all other discovery until further order of the Court and set the case for a status conference. (Id. at ¶¶ 5, 10).

Notably, the Court's Interrogatory No. 7 required Duldulao to "[s]pecifically list each of the architectural barriers which [he] personally observed or experienced at this facility." (Id. at 5). In response to Interrogatory No. 7, Duldulao stated: "a. There was insufficient ADA compliant handicap signage.  b. There was insufficient van-accessible compliant parking." (Doc. # 14 at 2).

At the status conference held on July 26, 2012, Target's counsel made an oral motion to limit the cause of action to the specific ADA violations alleged in the Amended Complaint, and to the extent that Duldulao is entitled to a future

-3-

inspection of the subject property, to limit such inspection to the same specific ADA violations alleged in the Amended Complaint. (Doc. # 31; Doc. # 40). Target's motion is now before the Court.

## II. Legal Standard

Rule 34(a)(2), Fed.R.Civ.P., provides that:

A party may serve on any other party a request within the scope of Rule 26(b) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Rule 26(b)(1), Fed.R.Civ.P., defines the scope of discovery, stating that "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

## III. Analysis

In its motion and reply, Target objects to Duldulao's "repeated threat to conduct a 'full inspection' to identify 'other' violations that are not alleged, were not encountered by Plaintiff, and are unknown to him." (Doc. # 40 at 2). Target argues that Duldulao "does not have standing to challenge alleged barriers that are not specifically identified in the [Amended] Complaint and should not be

permitted to use an inspection as an expedition to identify new claims." (Id.).

In response, Duldulao argues that he should be allowed to conduct a full Rule 34 inspection of the subject property, not only to determine Target's ADA compliance regarding the specific violations alleged in the Amended Complaint, but also to determine whether other barriers to access exist within the subject property. (Doc. # 38). Duldulao contends that his allegation in the Amended Complaint, stating that "upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified," (Doc. # 10 at ¶ 16), reserved "his right to further amend the Amended Complaint at a later date after the formal Rule 34 Inspection" to identify the "other current violations." (Doc. # 38 at 2). Duldulao further asserts that "No ADA Plaintiff should be limited to complain only about architectural barriers which he has, in the past encountered, when other barriers exist at the facility which such Plaintiff would certainly encounter when he makes reasonable use of the facility in the future." (Id. at 5-6).

The Court does not find Duldulao's argument persuasive. To satisfy Article III's standing requirements, a plaintiff

-5-

must demonstrate: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) that it is likely that the injury will be redressed by a favorable court ruling. Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 415 (11th Cir. 2011)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Additionally, "[i]njunctive relief requires a further showing of a plaintiff's actual or imminent injury." Id. "Standing is established at the time of the filing of the Complaint." Brother v. CPL Invs., Inc., 317 F. Supp. 2d 1358, 1369 n.6 (S.D. Fla. 2004).

As Target correctly argues, Duldulao "does not have standing to challenge alleged barriers of which he was unaware at the time of filing of his complaint." Mattix v. Dunn Plaza Inv., LLC, No. 3:12-cv-43, 2012 WL 2952432, at *1 (M.D. Fla. Jul. 19, 2012); Norkunas v. Seahorse NB, LLC, 720 F. Supp. 2d 1313, 1319 (M.D. Fla. 2010)(citations omitted). Such is the case because "[w]ithout actual knowledge of barriers, Plaintiff has not suffered an 'injury in fact' which establishes standing at the time of filing the complaint." Norkunas, 720 F. Supp. 2d at 1313 (citing Lujan, 504 U.S. at 560-61). Furthermore, Duldulao's entry into the subject property "does not automatically confer upon him a presumption

-6-

that he was injured by any and all architectural barriers therein." Access 4 All, Inc. v. Bamco VI, Inc., No. 11-61007, 2012 WL 33163, at *3 (S.D. Fla. Jan. 6, 2012)(citations omitted).

Duldulao cites to cases from other circuits in support of his argument that he has standing to seek relief for -- and entitlement to a Rule 34 inspection to find -- barriers he did not encounter prior to filing the Complaint. (Doc. # 38 at 4)(citing Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008); Steger v. Franco, 228 F.3d 889 (8th Cir. 2000)). Duldulao also attaches to his response an unpublished order from Karakis v. Hallandale Lanes Mgmt., Inc., No. 9-61192 (S.D. Fla. Feb. 18, 2010), in which the magistrate judge allowed the plaintiff a full Rule 34 inspection of the defendant's property to determine the existence of any additional access barriers, although the plaintiff did not encounter those barriers in his initial visit. (Doc. # 38 at 10-18).

However, while "[s]ome courts have held that a plaintiff need not encounter all barriers nor have knowledge of all barriers to obtain relief . . . courts in the Eleventh Circuit have been more cautious, requiring a showing of plaintiff's actual knowledge of particular barriers for the plaintiff to

-7-

have standing to challenge those barriers." <u>Norkunas</u>, 720 F. Supp. 2d at 1319 n.14. <u>See</u> <u>also</u> <u>Mattix</u>, 2012 WL 2952432 at *2; <u>Accesss for the Disabled, Inc. v. First Resort, Inc.</u>, No. 8:11-cv-2342, 2012 WL 2917915 (M.D. Fla. Jul. 17, 2012); <u>Hoewischer v. Prop. Mgmt. Support, Inc.</u>, No. 3:11-cv-1135, 2012 WL 686072, at *1 (M.D. Fla. Mar. 2, 2012); <u>Macort v. Goodwill Indus.-Manasota, Inc.</u>, 220 F.R.D. 377, 379 (M.D. Fla. 2003). The Court notes that in the <u>Hallandale Lanes</u> order supplied by Duldulao, the magistrate judge qualified her order by acknowledging that this line of cases, if followed by the district court judge, could ultimately bar the plaintiff from presenting at summary judgment and trial evidence of barriers that the plaintiff did not encounter upon his initial visit to the defendant's property and did not specifically mention in the complaint.

The Court agrees with the well-reasoned and oft-applied rule in the Middle District which requires a showing of actual knowledge of particular barriers in order to have standing to challenge those barriers. Duldulao makes clear that he does not have actual knowledge of any additional barriers he seeks to discover through a full Rule 34 inspection of the subject property. Indeed, the Amended Complaint expressly states that "only once a full inspection is done can all said violations

be identified" (Doc. # 10 at ¶ 16), and Duldulao maintains in his response that "a Rule 34 Inspection is vital, so that . . . all barriers to access [can] 'be identified.'" (Doc. # 38 at 4-5)(quoting id.). Furthermore, when answering the Court's Interrogatories, Duldulao confirmed that "insufficient ADA compliant handicap signage" and "insufficient van-accessible compliant parking" were the only architectural barriers which he "personally observed or experienced" at the subject property. (Doc. # 14 at 2).

Thus, given that any potential additional barriers were not known to Duldulao at the time he filed his Complaint, and given that standing is established at the time of the filing of the Complaint, the Court finds that Duldulao does not have standing to challenge any access barriers beyond those specified in Paragraph 15 of the Amended Complaint. Accordingly, the scope of Duldulao's discovery under Rules 26 and 34 is limited to those barriers specifically identified in Paragraph 15 as well.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Defendant Target Corporation's Oral Motion for the Cause of Action to be Limited to That Which Was Stated in the Complaint as Initially Indicated by the Expert Report, and Not

to be Expanded Upon By a Subsequent Expert Report (Doc. # 31) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of December, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record